## A89A1648. LIPSCOMB v. THE STATE.
(391 SE2d 773)

BEASLEY, Judge.

Lipscomb appeals his conviction of possession of more than an ounce of marijuana, OCGA § 16-13-30 (j).

Viewed in favor of the verdict, the evidence was that, a little before midnight on November 20, 1986, defendant was pulled over for running a stop sign by Officer Peck. The officer sensed the odor of alcohol and administered field tests, which defendant did not pass. He placed defendant under arrest for D.U.I. and called a wrecker to tow the car. He inventoried it and discovered on the floorboard of the passenger side a paper sack containing 15 packages of marijuana weighing 1.2 ounces. He was charged with possession with intent to distribute and convicted of simple possession.

Defendant testified the marijuana was not his and its presence in the car was unknown to him. He contended that he had taken some children home from basketball camp, dropped them off and went to a convenience store, where he met a friend who gave him one beer which he drank there. He went to a fast food restaurant and ate a hamburger. As he was leaving, he was flagged down by Turner and Holcombe, who wanted a ride to the American Legion. He knew them and that they "had always been in trouble." He was stopped after he dropped them off.

1. First, we consider our jurisdiction of this appeal. Defendant was tried in May of 1987. The sentencing hearing was conducted on August 10, but the judgment dated that day was not filed with the clerk until October 8, 1987, making that the date of final judgment. *Howard v. State*, 182 Ga. App. 403, 404 (1) (355 SE2d 772) (1987); *Ballard v. State*, 131 Ga. App. 847, 848 (207 SE2d 246) (1974), overruled on other grounds, 246 Ga. 455. A Motion for New Trial was handed to the court on August 10, 1987, and an order entered correcting its filing date to August 10 after administrative error resulted in its not being stamped filed until December 22, 1987. Thus, the motion for new trial was rendered premature and invalid by the delayed filing of the judgment. *Moore v. Moore*, 229 Ga. 600, 601 (1) (193 SE2d 608) (1972); *Joiner v. Perkerson*, 160 Ga. App. 343 (287 SE2d 327) (1981).

This does not mean that jurisdiction of an appeal is lost if the notice of appeal is filed within 30 days of the order disposing of the technically premature motion although affirmance is necessary of any alleged error premised on the motion. *Hill v. Bailey*, 187 Ga. App. 413, 415 (1) (370 SE2d 520) (1988) and cases cited therein. The notice was filed within 30 days of the court's order of March 9, 1989, denying both this motion and an interim extraordinary motion for new trial.

2. Defendant asserts as error the disallowance of a court clerk's

testimony regarding certain criminal records. Defendant attempted to introduce into evidence the criminal records of Turner and Holcombe. Neither man was called or subpoenaed by either party, although Turner was in the local jail during the trial, under or awaiting indictment for an unrelated offense, which fact was known to both the State and defendant.

Defendant called a representative from the clerk's office and asked her if they had been able to determine whether Turner had any criminal charges against him. An objection on the ground that the best evidence would be copies of the convictions was initially sustained, and defendant requested the clerk to provide them, although this was never done. The State also objected on the ground of relevance. After further discussion, the relevance objection was also sustained.

Defendant did not tender the copies of the convictions which he desired to have introduced but only made a proffer of the testimony of the clerk's representative, which was that she had located records for a Chris Turner and a Holcombe and they were available. There were numerous charges and convictions for non-drug crimes, with Turner having one "violation of Georgia Drug Abuse Control Act, entered a plea and was sentenced in '73," and Holcombe having a "violation of Georgia Drug Abuse Control Act that he was sentenced on 5/20 of '85. . . ."

The objection based on the failure to produce the best evidence was properly sustained. OCGA § 24-5-4 (a). Court records, properly authenticated, are admissible. OCGA § 24-5-31. These, however, were not produced. The testimony of the deputy clerk as to their content was not only not the best evidence, *Watts v. Six Flags Over Ga.*, 140 Ga. App. 106, 108 (4) (230 SE2d 34) (1976), it was also hearsay. OCGA § 24-3-1; *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 859 (3) (360 SE2d 418) (1987); *Porterfield v. State*, 150 Ga. App. 303, 304 (3) (257 SE2d 372) (1979). Thus, no proper proffer of admissible evidence having been made, its exclusion was proper. *Flynt v. State*, 153 Ga. App. 232, 242 (III d) (264 SE2d 669) (1980).

We need not consider the relevance ground.

3. Defendant's second enumeration alleges error in the court's "not granting a directed verdict . . . based upon the Equal Access doctrine." There was no motion for directed verdict made by defendant and there is thus nothing for us to consider. *Lawton v. State*, 191 Ga. App. 116, 118 (381 SE2d 106) (1989); *Proffitt v. State*, 181 Ga. App. 564, 566 (2) (353 SE2d 61) (1987).

4. In February 1988, defendant filed an Extraordinary Motion for New Trial based on his discovery on September 15, 1987, of new evidence. Counsel's affidavit alleged that he had been told by Turner that day that the prosecutor had talked to Turner during the first day

of defendant's trial and had been told by Turner that the marijuana was not defendant's but belonged to Holcomb. It further averred that counsel had talked to the prosecutor and the conversation was admitted. No affidavit of Turner or the prosecutor was provided, nor is there a transcript of the hearing on the motion.

"The standard for granting a new trial on the basis of newly discovered evidence is well established. 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cits.] All six requirements must be complied with to secure a new trial." *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). The newly discovered evidence must also be admissible in evidence. Id. A stricter rule is applied to extraordinary motions for new trial based on the ground of newly discovered evidence. *Dick v. State*, 248 Ga. 898, 899 (1) (287 SE2d 11) (1982).

The only statement in the affidavit regarding why Turner's affidavit was not supplied is that someone, either the attorney or Turner, was having severe medical problems and that subsequently Turner was no longer in the local jail and counsel had been unable to locate him.

The court denied the motion on the grounds that (1) the witness was known to defendant and his failure to procure the same information was due to lack of diligence; (2) the absence of Turner's affidavit was not adequately explained; and (3) the court was unconvinced that the evidence would probably produce a different result. Any one of these would be sufficient basis for denying the motion. *Drake v. State*, 248 Ga. 891, 894 (1) (287 SE2d 180) (1982). *Dick*, supra at 901. During the trial defendant alluded several times to the fact that Turner was incarcerated at the local jail, thus showing knowledge of the location of the witness whose evidence he now contends is newly discovered. Denial of such motion will not be disturbed absent an abuse of discretion and we find none.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 8, 1990 —
REHEARING DENIED FEBRUARY 27, 1990 —

*Robert J. Reed*, for appellant.
*C. Andrew Fuller, District Attorney, Daniel A. Summer, David*

*Turk, Assistant District Attorneys,* for appellee.