## A95A1812. RAMSEY v. THE STATE.
(462 SE2d 806)

BIRDSONG, Presiding Judge.

Arthur Scott Ramsey appeals his conviction for violating the Georgia Controlled Substances Act by selling a non-controlled substance represented to be a controlled substance. See OCGA § 16-13-30.1. He contends the trial court erred by denying his motions for mistrial after the State's witnesses improperly injected prior illegal conduct in the proceedings; by failing to grant a mistrial after a third party had improper and prejudicial contact with the jury; by failing to charge on a lesser included offense; and by basing its sentence on an improper prior conviction. *Held*:

1. Ramsey's first enumeration of error asserts that the trial court erred by denying his motions for a mistrial because two of the State's witnesses allegedly placed his character in issue.

(a) In the first instance, the witness's answer about other illegal activity was made during cross-examination by Ramsey's trial defense counsel, and this apparent "inadvertent comment in the course of cross-examination . . . does not rise to the level of misconduct condemned in *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396)." *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420). Counsel cannot take chances in propounding questions which might elicit damaging answers and then demand a mistrial on that basis. Id. Further, if "prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." (Citation omitted.) *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315). We find no abuse of discretion in this case.

(b) In the second instance, after Ramsey's motion for a mistrial, the trial court issued curative instruction, and Ramsey failed to renew his motion for a mistrial. Under these circumstances, Ramsey failed to preserve the issue, and there is nothing for this Court to review. *Jackson v. State*, 248 Ga. 480, 483 (284 SE2d 267); *Mobley v. State*, 198 Ga. App. 497, 499 (402 SE2d 100).

2. Ramsey also contends the trial court erred by refusing to grant his motion for a mistrial after a person associated with him had improper contact with an alternate juror. The record shows that upon report of the incident, the trial court conducted an inquiry, ascertained the scope of the problem, and determined that the jurors would not attribute the improper conduct to Ramsey. After Ramsey's motion for a mistrial was denied and the trial court issued curative instructions, Ramsey again failed to preserve the issue for appellate review by renewing his motion for a mistrial. *Jackson v. State*, supra; *Mobley v. State*, supra. Thus, this enumeration of error is without

merit. Moreover, as the alternate juror did not participate in the deliberations and the other jurors indicated that they would not be affected by the incident, Ramsey has failed to demonstrate that any harm resulted from his friend's conduct.

3. The trial court did not err by refusing to charge that OCGA § 16-13-30.2 is a lesser included offense of OCGA § 16-13-30.1. *State v. Burgess*, 263 Ga. 143, 145 (429 SE2d 252).

4. The record supports Ramsey's contention that the trial court improperly considered a purported prior conviction which was not supported by admissible evidence. Under our law the best evidence of the conviction is a certified copy of the conviction. OCGA § 24-5-31. Thus, the prosecutor's statement concerning a prior conviction was not admissible to prove the prior conviction. Moreover, as the trial court's comments show the prosecutor's comments were considered in arriving at the sentence imposed on Ramsey, the sentence must be vacated and the case remanded to the trial court for resentencing. *Sinkfield v. State*, 262 Ga. 239, 240 (416 SE2d 288).

*Judgment affirmed in part and vacated in part. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 6, 1995.

*Edwin J. Wilson*, for appellant.

*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Nancy I. Jordan, Irvan A. Pearlberg*, Assistant District Attorneys, for appellee.