## A06A0506. LUMLEY v. THE STATE.
### (633 SE2d 413)

RUFFIN, Chief Judge.

Following a bench trial, Derek Lumley was found guilty of driving under the influence to the extent that his blood alcohol content exceeded the legal limit.[1] In his sole enumeration of error, Lumley contends that the trial court erred in admitting into evidence a copy of the intoxilyzer report over his "best evidence" objection. For reasons that follow, we agree and thus reverse.

The transcript from the bench trial shows that on January 16, 2005, following a traffic stop, Officer Ronnie Drake administered an intoxilyzer test to Lumley. At trial, the State attempted to admit a copy of the printout from the test. Lumley objected and argued as follows: "If the document itself is at issue, then . . . the best evidence would call for the document itself and I'm not sure where it is, but in the absence of the document or a valid explanation of where it is, I would object to this document based on the best evidence rule." The State was unable to explain the absence of the original document. Moreover, the State presented no evidence regarding any effort it made to locate the original. Rather, the prosecutor merely insisted that because it was a photostatic copy, the State was not required to produce the original. Although the trial court apparently was troubled by the State's inability to explain the absence of the original, it admitted the copy over Lumley's objection.

Under OCGA § 24-5-4 (a), "[t]he best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." "When a writing is lost, destroyed, or inaccessible, the party who desires to offer the contents of such writing, must account for his inability to produce it despite the

---

[1] Although Lumley was also charged with driving under the influence to the degree it was less safe, the trial court found him not guilty of this offense.

exercise of due diligence."[2] Moreover, "[m]erely asserting the loss, without showing diligence in attempting to provide the writing, will not do."[3]

Here, the State provided no evidence to explain the absence of the original intoxilyzer printout. And the prosecutor apparently made no effort — much less a diligent one — to ascertain the original's whereabouts. Under these circumstances, the trial court erred in admitting the copy of the report over objection.[4] And, other than the copy of the report, there was no competent evidence admitted to establish Lumley's blood alcohol content.[5]

On appeal, the State asserts that the copy should be admitted under OCGA § 24-7-20, which provides that "[t]he certificate or attestation of any public officer, either of this state or any county thereof, shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in his respective office, or pertaining thereto, to admit the same in evidence." This Code section, however, applies to public records, and the State has made no cogent argument as to why a copy of an intoxilyzer printout would qualify as a public record.[6] Given the State's failure to present sufficient, competent evidence of Lumley's blood alcohol content, we are compelled to reverse.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 22, 2006.

*Green & Green, Judson L. Green IV*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.

---

[2] *Eley v. State*, 266 Ga. App. 45, 49 (4) (596 SE2d 660) (2004).

[3] (Punctuation omitted.) Id.

[4] See *Garrett v. State*, 156 Ga. App. 33 (2) (274 SE2d 80) (1980) ("Since there is no evidence whatsoever accounting for the absence of the original . . . the trial court erred in admitting [the photostatic copy].").

[5] Compare id. We note that the State tendered a log that Drake prepared, which also reflected Lumley's blood alcohol content. However, this document was not admitted at trial.

[6] See *Bess v. State*, 254 Ga. App. 80, 83 (2) (561 SE2d 209) (2002) ("OCGA § 24-7-20 provides a public records exception to the hearsay rule").