## A07A1223. WILLIAMS v. THE STATE.
(651 SE2d 768)

ADAMS, Judge.

In the wake of his participation in a home invasion, a jury found Bernard Williams guilty of burglary, armed robbery, and other crimes. On appeal, Williams argues that the evidence was insufficient as to the armed robbery, that the trial court erred in admitting evidence found after Williams's arrest, and that he was denied effective assistance of counsel.[1] We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that the victim was at home talking to her boyfriend on the telephone when she heard the sounds of a break-in downstairs. Moments later, a masked man later identified as Joseph White burst into her room, pointed a gun at her, and demanded money and jewelry. When the victim replied that she had none, White called out to Williams, who was downstairs: "Pootie, she ain't got nothing." Over the dropped line, the boyfriend could hear the victim pleading with White not to kill her. White then pried some rings off the victim's hand, hung up the telephone, and went through the victim's possessions. As he did so, he demanded that the victim call her boyfriend back and tell him that everything was all right. When the victim did so, the boyfriend told her that he had already called police.

When the police arrived, Williams yelled up to White, who hid the gun and the mask and demanded that the victim get into bed with him and pretend that he was her boyfriend. Downstairs, four officers forced open the back door and saw Williams, who pushed away the first officer and ran down a hallway into a back bedroom, where he was apprehended. The officers then went upstairs to the victim's bedroom. Terrified, the victim first identified White as her boyfriend, but soon told police that he had broken in. White too was then arrested. He later pled guilty to burglary and armed robbery.

---

[1] Although the introduction to Williams's brief suggests that five errors occurred below, only three of these are enumerated and argued. We therefore deem any others abandoned. See Court of Appeals Rule 25 (a), (c).

At trial, White testified that Williams had given him the mask and the gun, and that White had called down to Williams, whom he called "Pootie," that the victim had no money. Williams was later convicted and sentenced to life in prison. His motion for new trial was denied.

1. Williams first argues that the evidence was insufficient to sustain his conviction for armed robbery. We disagree.

It is true that the victim did not see Williams in her house before his arrest and that a conviction cannot stand upon the uncorroborated testimony of an accomplice. See OCGA § 24-4-8. As Williams concedes, however, "only slight evidence corroborating the accomplice's testimony is required to support a conviction." (Punctuation and footnote omitted.) *Metoyer v. State*, 282 Ga. App. 810, 811 (1) (640 SE2d 345) (2006). Such corroborating evidence "may be circumstantial," and " 'need not of itself be sufficient to warrant a conviction of the crime charged.' " (Footnote omitted.) Id.

Here, the victim testified that when she heard Williams speak after his arrest, she recognized his voice from his shouted conversation with White during the robbery. Williams also resisted and fled the officers as they entered the home. This and other evidence was sufficient both to corroborate White's testimony concerning Williams's involvement and to sustain Williams's conviction. See OCGA §§ 16-8-41 (defining armed robbery); 16-2-20 (a person who intentionally aids and abets in the commission of crime may be convicted of it); *Thomas v. State*, 222 Ga. App. 120, 120-121 (2) (473 SE2d 251) (1996) (a witness may identify a defendant by voice recognition even when her knowledge of the accused's voice was acquired after the event to which the witness testified); *Renner v. State*, 260 Ga. 515, 517-518 (397 SE2d 683) (1990) (flight is circumstantial evidence of guilt).

2. Williams also argues that because the affidavit supporting a search warrant executed in the course of his detention was invalid, the results of the search, including a photograph showing him with White's sister, should have been excluded. Neither the search warrant nor the supporting affidavit appear in the record before us, however. In criminal appeals, as in civil ones, "[t]he burden is on the [appellant] in asserting error to show it affirmatively by the record." (Citation and punctuation omitted.) *Mattox v. State*, 196 Ga. App. 64, 65 (1) (395 SE2d 288) (1990). "[W]here the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citation and punctuation omitted.) *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998). This argument thus lacks merit.

3. Finally, Williams argues that trial counsel was ineffective when he failed to contact witnesses suggested to him by Williams. This argument must fail, however, since Williams did not proffer these witnesses' testimony at the hearing on his motion for new trial. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615-616 (458 SE2d 623) (1995) (reversing habeas court's finding of ineffective assistance where defendant did not show that prospective witnesses would have testified and did not submit affidavits of what their testimony would have been).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 28, 2007.

*Barbara B. Claridge*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.