A08A1466. THE STATE v. SLATON.
(669 SE2d 481)

BERNES, Judge.

Michael Slaton entered into a nonnegotiated *Alford* plea for possession of cocaine with intent to distribute. Alleging that Slaton had six prior convictions involving both simple possession of cocaine and possession of cocaine with intent to distribute, the state filed a notice of aggravation of sentence pursuant to OCGA § 17-16-4 (a) (5) and notice of intent to seek recidivist punishment pursuant to OCGA §§ 16-13-30 and 17-10-7.

At the plea hearing, the state continued to assert that Slaton was a recidivist, but failed to submit any proof of the alleged prior convictions. Although the prosecuting attorney claimed during the hearing that she had certified copies of two simple possession convictions, she failed to tender them at the hearing and they are not contained in the appellate record. Notably troubled by the state's lack of evidence, the trial court sentenced Slaton to ten years, one year to serve in a treatment center and the remaining nine years to be served on probation.

While the state argues on appeal that the trial court's sentence violated the recidivist provisions set forth in OCGA §§ 16-13-30 (d) and 17-10-7 (c), we need not reach the state's argument in light of its failure to offer adequate proof of Slaton's recidivist status. See *Williams v. State*, 287 Ga. App. 361, 362 (2) (651 SE2d 768) (2007) ("Where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.") (punctuation omitted); *Tanner v. State*, 230 Ga. App. 77, 78 (4) (495 SE2d 315) (1997) (when seeking recidivist treatment, the burden is on the state to provide competent evidence of the prior convictions). The record before this Court is totally devoid of any evidence that Slaton is a recidivist. Accordingly, we affirm the trial court's sentence.[1] See *Williams*, 287 Ga. App. at 362 (2).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 13, 2008.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellant.

*Zulema Laurent Green, Stephen R. Scarborough*, for appellee.

---

[1] The statutory sentencing range for a conviction of possession with the intent to distribute any controlled substance is not less than five years nor more than thirty years. OCGA § 16-13-30 (b), (d).