## A09A1652. BRINKLEY v. THE STATE.
(689 SE2d 116)

BERNES, Judge.

The jury convicted Mark Antonio Brinkley of several felony offenses arising out of a knife attack, and the trial court sentenced him to 25 years, to serve 18 years in confinement. On appeal from the denial of his motion for new trial, Brinkley contends that the trial court erred by considering improper evidence of an alleged prior conviction in aggravation of punishment. Because the evidence in question was inadmissible under the best evidence rule, Brinkley's sentence must be vacated and the case remanded to the trial court for resentencing.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Johnson v. State*, 289 Ga. App. 206 (656 SE2d 861) (2008). So viewed, the evidence showed that

---

[12] *Taylor v. State*, 296 Ga. App. 156, 157 (674 SE2d 47) (2009).

Brinkley cut a deep gash across the victim's abdomen using a knife with a 3.5 inch blade, stabbed the victim twice more, and then unsuccessfully pursued the victim after he fled into a nearby building. The victim was hospitalized, required stitches as the result of the stabbing, and had to undergo exploratory surgery to ensure that his internal organs had not been damaged. The attack resulted in scars visible on the victim's abdomen and arm.

Based on this evidence, the jury convicted Brinkley of aggravated battery and possession of a knife during the commission of a crime.[1] At the ensuing sentencing hearing, the state attempted to introduce evidence in aggravation of punishment that Brinkley had pled guilty to second degree murder in Baltimore, Maryland in 1990. The state called the assistant district attorney ("ADA") from Maryland who handled the 1990 case, but the ADA did not testify that he recalled Brinkley pleading guilty. Nor did the state introduce a certified copy of the prior conviction. Instead, the state, over objection, had the ADA identify three exhibits allegedly relating to the Maryland case: an uncertified copy of the indictment; a document entitled "State's Version of Offense" that had been prepared by the Maryland district attorney's office "primarily for parole purposes so that . . . the parole authority would have information concerning the offense rather than just the title of the offense"; and a computer print-out of the purported case procedural history. The "State's Version of Offense" contained a notation reflecting that the case had been resolved by guilty plea; similarly, the computer print-out contained an electronic entry reflecting that a guilty plea had been entered on January 22, 1990.

The state sought to have the three exhibits admitted into evidence. Brinkley objected and argued, among other things, that the three exhibits were inadmissible because a certified copy of the prior conviction was the best evidence of the conviction. The trial court asked the prosecutor in the instant case whether the state had attempted to obtain a certified copy of the original record of the prior conviction from the Maryland clerk of court. The prosecutor responded, "What I was told, Your Honor, was that the actual records were destroyed by a private records retention company, the original records." The trial court admitted the three exhibits over objection.

In closing argument at the sentencing phase, the state argued that Brinkley deserved a longer term of confinement in part because of his Maryland conviction. The state argued that the prior conviction showed, along with the violent facts of the present case, that

---

[1] While the jury also convicted Brinkley of aggravated assault, the trial court did not enter a judgment of conviction on that count, but merged it with the conviction for aggravated battery.

Brinkley was a danger to the community and deserved to be treated with "severe harshness."

Before handing down Brinkley's sentence, the trial court commented with regard to the prior conviction:

> I'm satisfied that the [s]tate has exercised due diligence, that they have been unable to obtain [a certified copy of the prior conviction] because of its destruction. They have done what they could do to obtain collateral proof of it. I'm satisfied that they have presented adequate evidence that Mr. Brinkley was previously convicted of a murder, second degree, in the city of Baltimore. I note that [the prior conviction] merely goes to the Court's discretion with regard to sentencing in this case, it doesn't invoke repeat offender treatment in this case, and, bluntly, in light of the violence of this crime, it doesn't make a whole lot of difference to me other than cause me some concern with regard to a case where someone could easily have been killed.

The trial court also commented that the present case was "remarkably similar to the situation" in the prior conviction as described in the exhibit entitled "State's Version of Offense." The trial court then imposed sentence on Brinkley.

1. Although not enumerated as error, we conclude that the evidence discussed above was sufficient to authorize any rational trier of fact to find Brinkley guilty beyond a reasonable doubt of aggravated battery and possession of a knife during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-5-24 (a) ("A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another . . . by seriously disfiguring his or her body or a member thereof."); 16-11-106 (b) (1), (5) ("Any person who shall have on or within arm's reach of his or her person . . . a knife having a blade of three or more inches in length during the commission of, or the attempt to commit[ ] [a]ny crime against or involving the person of another . . . shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received."). See also OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").[2]

---

[2] We do not address the sufficiency of the evidence with respect to Brinkley's aggravated assault conviction since the trial court did not enter judgment on that count. See *Nelson v. State*, 277 Ga. App. 92, 96 (1) (b) (625 SE2d 465) (2005).

2. Brinkley contends that the trial court improperly considered the Maryland conviction in aggravation of punishment when the state failed to introduce the best evidence of the conviction. We agree.

The burden is on the state to produce competent evidence of a prior conviction for purposes of sentencing. See *State v. Slaton*, 294 Ga. App. 507, 508 (669 SE2d 481) (2008). Under Georgia law, the best evidence of a prior conviction is a certified copy of the conviction itself. See *Moret v. State*, 246 Ga. 5, 6 (3) (268 SE2d 635) (1980); *Ramsey v. State*, 218 Ga. App. 692, 693 (4) (462 SE2d 806) (1995). See also OCGA §§ 24-5-2; 24-5-31; *Howard v. State*, 204 Ga. App. 743 (1) (420 SE2d 594) (1992). Hence, if the defendant timely objects on best evidence grounds, the state must produce a certified copy of the prior conviction in order to prove that the conviction occurred. See *Ramsey*, 218 Ga. App. at 693 (4); *Lipscomb v. State*, 194 Ga. App. 657, 658 (2) (391 SE2d 773) (1990). See also Paul S. Milich, Georgia Rules of Evidence, § 8.2, p. 108 (2d ed. 2002) ("[W]hen official action such as an indictment or conviction is reduced to writing and filed, the party must produce the writing in order to prove the official action."). Notably, however, the state can introduce secondary documentary evidence or parol testimony to prove the prior conviction, if the state shows that the original record of the conviction was lost, destroyed, or inaccessible and cannot be produced despite the state's exercise of due diligence. See, e.g., *Lumley v. State*, 280 Ga. App. 82, 82-83 (633 SE2d 413) (2006); *Summerour v. State*, 211 Ga. App. 65, 66 (1) (438 SE2d 176) (1993). See also OCGA §§ 24-5-2 ("In order to admit secondary evidence, it shall appear that the primary evidence for some sufficient cause is not accessible to the diligence of the party."); 24-5-4 (a) ("The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for.").

It is undisputed that the state failed to introduce a certified copy of the Maryland conviction. The trial court nevertheless permitted the state to prove that Brinkley pled guilty in that case by relying upon the notations to that effect in the "State's Version of Offense" and the computer print-out introduced as exhibits at the sentencing hearing. The trial court allowed the state to rely upon this secondary documentary evidence based upon the court's finding that the original record of the conviction had been destroyed and the state had exercised due diligence to obtain a certified copy of it. The trial court's finding, however, was not supported by any competent evidence.

Significantly, the Maryland ADA did not testify as to what had happened to the original record of the conviction, and the ADA was

never asked what search he conducted or steps he took in an effort to locate the record, if any. Rather, the trial court's finding was predicated solely on the prosecutor's statement that he "was told . . . that the actual records were destroyed by a private records retention company." But a trial court cannot rely upon the hearsay statement of a prosecutor to establish a fact for purposes of sentencing. See *Humphrey v. State*, 257 Ga. App. 312, 313-314 (1) (571 SE2d 187) (2002). Because the prosecutor's hearsay statement was not admissible, the state failed to present any competent evidence that the original record of the prior conviction had been destroyed and that a certified copy of it could not be obtained despite the due diligence of the state. Compare *Roberts v. State*, 282 Ga. 548, 553 (11) (651 SE2d 689) (2007); *Summerour*, 211 Ga. App. at 66 (1). The trial court therefore erred in ruling that the state could use secondary documentary evidence to prove the prior conviction in lieu of a certified copy of the original record. See *Lumley*, 280 Ga. App. at 82-83; *Ramsey*, 218 Ga. App. at 693 (4); *Lipscomb*, 194 Ga. App. at 658 (2).

Furthermore, contrary to the state's contention, the trial court's comments prior to handing down Brinkley's sentence show that the court gave at least some consideration to the Maryland conviction in arriving at the sentence imposed in this case. Brinkley's sentence thus must be vacated and the case remanded to the trial court for resentencing. See *Williams v. State*, 235 Ga. App. 876, 877 (510 SE2d 848) (1999); *Ramsey*, 218 Ga. App. at 693 (4). We note that on remand at the resentencing hearing, the state is not prohibited on double jeopardy grounds from attempting to prove through competent evidence that the original record of the Maryland conviction was destroyed and that a certified copy of it could not be obtained despite the exercise of due diligence. See *Railey v. State*, 273 Ga. App. 520, 522 (3) (615 SE2d 609) (2005).

3. Additionally, Brinkley contends that the trial court improperly considered the Maryland conviction because the state failed to prove that he was represented by counsel in that case, and thus failed to establish that his plea of guilty to second degree murder was knowingly and voluntarily entered. See *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999) (when a defendant challenges the validity of a prior guilty plea used to enhance his sentence, the state carries the initial burden of proving the existence of the guilty plea and that the defendant was represented by counsel). Because the issue may recur on remand, we will consider it.

It is true that the Maryland ADA who handled Brinkley's case did not testify specifically about Brinkley's guilty plea hearing. But the ADA testified that the customary practice in homicide cases that

he prosecuted was for the defendant to be represented by an attorney who participated in the plea hearing. The ADA further testified that he had no recollection of any homicide cases he had personally handled where the defendant who pled guilty went unrepresented. This testimony was sufficient to prove that Brinkley was represented by counsel in the Maryland case. See *Bazemore v. State*, 273 Ga. 160, 162 (1) (535 SE2d 760) (2000) ("Certainly, evidence of a routine or standard practice or procedure can be used in demonstrating compliance with constitutional standards."); *Allison v. State*, 288 Ga. App. 482, 486 (2) (654 SE2d 628) (2007) (the state can rely upon testimony concerning routine or standard practices to establish that a defendant knowingly and voluntarily waived his constitutional rights).

*Sentence vacated and case remanded for resentencing. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 31, 2009.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, James E. Barker, James A. Dooley, Assistant District Attorneys*, for appellee.