**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 7, 2018**

# In the Court of Appeals of Georgia

A17A1532. JONES v. THE STATE.

MCMILLIAN, Judge.

We granted Antavious Jones' interlocutory appeal seeking review of the trial court's order granting the State's motion in limine to introduce a log sheet with handwritten Intoxilyzer 5000 results at his trial on charges of driving under the influence ("DUI"). Because we find that the log sheet was admissible under the business records exception to the hearsay rule, we now affirm.

"On appeal, we review the trial court's grant of a motion in limine for abuse of discretion." (Citations and punctuation omitted.) *State v. Wilkins*, 302 Ga. 156, 160 (805 SE2d 868) (2017). See also *Marchman v. State*, 299 Ga. 534, 539 (2) (787 SE2d 734) (2016). "An abuse of discretion occurs where a ruling unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law."

(Citation and punctuation omitted.) *Lewis v. Lewis*, 316 Ga. App. 67, 68 (728 SE2d 741) (2012).

The record shows that the State charged Jones in August 2015 with DUI-less safe, DUI per se, and driving without headlights and subsequently filed a motion in limine to introduce a log sheet that included the handwritten results of two Intoxilyzer 5000 tests of Jones's breath conducted at the sheriff's office on the date of his arrest. The State submitted an affidavit stating that the original printout of the test results had been misplaced and argued that the log sheet was admissible under the business and public-records exceptions to the hearsay rule.

The State's affidavit was provided by an investigator with the Fayette County Solicitor General's Office and former deputy with the Fayette County Sheriff's Office, who was tasked with locating the intoxilyzer printout card once the solicitor's office discovered that the printout was missing from Jones' file. The investigator explained that the Intoxilyzer 5000 used in this case is located at the Fayette County Jail facility. The machine issues test results on a multi-copy form, one of which is given to the defendant, another is given to the arresting officer, and the remaining copies are placed in a file, which is transferred to the clerk's office and ultimately to the solicitor's office. In this case, the printout was not included in the file sent to the

clerk's office and the arresting officer had not retained his copy. The investigator retraced every step in this process but was unable to locate the printout in county records. However, the investigator was able to locate a copy of the intoxilyzer log sheet showing Jones' test results. The investigator explained the log is kept next to the intoxilyzer machine at the jail, and the officer conducting the test is required immediately after the tests are completed to record certain information, including the numerical results of the two intoxilyzer tests administered to the defendant. Based on this evidence and after hearing argument from the parties, the trial court granted the State's motion.

In reaching this decision, the trial court first found that the introduction of the log sheet would not violate the best evidence rule because no evidence existed that the original printout had been lost or destroyed in bad faith. The court then ruled that the log sheet was admissible under the business record exception to the hearsay rule and found no discovery violation to prevent its introduction. However, the trial court stated that it was "mindful that an exception to the hearsay rule is not automatically an exception to the confrontation clause[;]" therefore, the trial court "reserve[d] the right to revisit [its] ruling in the event the State does not introduce as a witness at trial the officer who transcribed the results into the log sheet."

3

Jones argues on appeal that the trial court erred in granting the State's motion because the log sheet (1) is not admissible as either a business record or as a public record; (2) is excluded by the best evidence rule; (3) violates Georgia discovery requirements; and (4) violates the rule of completeness.[1] We disagree.

1. We turn first to Jones' argument that the admission of the log sheet violates the best evidence rule.

In Georgia, proof of "the contents of a writing, recording, or photograph[ generally requires] the original writing, recording, or photograph[.]" OCGA § 24-10-1002. However, OCGA § 24-10-1004 sets out several exceptions to this general rule, including an exception applicable in this case, where the original cannot be located. OCGA § 24-10-1004 (1) provides that "[t]he original shall not be required and other evidence of the contents of a writing, recording, or photograph shall be admissible if . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith[.]"

---

[1] Although Jones phrases his sole enumeration of error as a Confrontation Clause challenge, he elaborates no argument and cites no authority concerning the application of the Confrontation Clause to the log sheet. Consequently, he has abandoned any such claim. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Capital Land USA, Inc. v. Mitsubishi Motors Credit of America, Inc.*, 308 Ga. App. 71, 73 (2) (706 SE2d 590) (2011) (same).

4

The original intoxilyzer printouts in this case could not be located even after the investigator conducted a multi-source search, and Jones has not pointed us to any evidence in the record suggesting any bad faith on the part of the State in connection with the missing documents. Under these circumstances, the trial court did not abuse its discretion in finding that admission of the log sheet would not violate the best evidence rule. See *Patch v. State*, 337 Ga. App. 233, 242-43 (786 SE2d 882) (2016). Compare *Lumley v. State*, 280 Ga. App. 82, 83 (633 SE2d 413) (2006) (finding copy of intoxilyzer printout inadmissible under former evidence code, where "the prosecutor apparently made no effort-much less a diligent one-to ascertain the original's whereabouts").

2. Jones also argues that the business-records exception to the hearsay rule[2] does not apply to the log sheet because (i) the log sheet was prepared and maintained for the purpose of litigation and (ii) the State has insufficiently certified it under OCGA § 24-9-902 (11).

(a) In order for hearsay to be admissible, it must fall within one of the statutory hearsay exceptions, and the moving party has the burden of establishing that one of

---

[2] The State does not dispute that the notations on the log sheet are hearsay. See OCGA § 24-8-801 (c).

5

the exceptions applies. See *Phillips v. State*, 275 Ga. 595, 598 (571 SE2d 361) (2002). Under Georgia's Evidence Code, a business record is admissible as an exception to the rule barring hearsay if the record was:

> (A) made at or near the time of the described acts, events, conditions, opinions, or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification that complies with paragraph (11) or (12) of Code Section 24-9-902 or by any other statute permitting certification.

OCGA § 24-8-803 (6). However, "a record prepared in anticipation of prosecution is not made in the regular course of business." *Thompson v. State*, 332 Ga. App. 204, 208 (1) (770 SE2d 364) (2015). See *Brown v. State*, 274 Ga. 31, 33-34 (1) (549 SE2d 107) (2001) (holding that a police report prepared in a prosecution for cocaine possession was inadmissible under the business-records hearsay exception in former OCGA § 24-3-14).

Here, the investigator averred that every officer at the Fayette County Jail who performs intoxilyzer breath tests is required to record the following information into

6

the log immediately after the test is completed: his or her name, the name of the offender, the date of the test, the offender's driver's license number, the arresting officer's name, the results of the two samples making up the test, and whether blood was drawn. This evidence supports a finding that the log sheet was (a) made at or near the time of the intoxilyzer tests; (b) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (c) kept in the course of the regularly conducted sheriff's office's activity of testing offenders charged with DUI; and (d) it was the regular practice of the sheriff's office to keep the log book of that testing activity. Therefore, the evidence meets the criteria set forth under Georgia's business records exception.

Moreover, although the State is seeking to use the log sheet at Jones' trial in this case, the record supports a finding that it was not made in anticipation or preparation for litigation. Rather, the State generally relies on the original intoxilyzer printouts themselves to supply proof of intoxication at trial, and the log sheet was usually kept at the sheriff's office. Accordingly, we find no abuse of discretion in the trial court's decision to admit the log sheet showing Jones' intoxilyzer results under

the business record exception.[3] See generally *Thompson v. State*, 332 Ga. App. 204, 208 (1) (770 SE2d 364) (2015) (lost prevention report not prepared for litigation purposes where corporation prepared them in every instance of shoplifting, minimizing concerns about reliability and trustworthiness); *Rackoff v. State*, 281 Ga. 306, 309 (2) (637 SE2d 706) (2006) (holding under former evidence code that an inspection certificate of an instrument used to conduct breath tests is a record made in the regular course of business because "[i]t is not made in an investigatory or adversarial setting; nor is it generated in anticipation of the prosecution of a particular defendant"); *DA Realty Holdings v. Tennessee Land Consultants*, 631 Fed. App'x 817, 822 (11th Cir. 2015) (handwritten ledger admissible as a business record).[4]

(b) Jones also contends that the State failed to sufficiently authenticate the log sheet under OCGA § 24-9-902 (11), which requires a written certification from "its

---

[3] Accordingly, we need not address Jones' argument that the evidence was not admissible as a public record.

[4] Where, as in the case of OCGA § 24-8-803 (6), Georgia's evidentiary statutes closely track the language of the Federal Rules of Evidence, we look to the federal courts' interpretation of those rules for guidance. See *Parker v. State*, 296 Ga. 586, 592 (3) (769 SE2d 329) (2015); Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence, 509-10 (5th ed. 2016).

custodian or other qualified person," because the State failed to show that the investigator was either a custodian or otherwise a qualified person.

As with most evidentiary matters, "[i]t is within the trial court's discretion to determine whether a proper foundation was laid for application of the business records exception to a particular document and whether the circumstances of the document's preparation indicate trustworthiness." (Citation and punctuation omitted.) *Roberts v. Community & Southern Bank*, 331 Ga. App. 364, 369 (2) (771 SE2d 68) (2015). Thus, we review the court's ruling in this regard for an abuse of that discretion.

Jones is correct that the investigator in this case did not claim to be a custodian of the log book, so we must determine whether he was otherwise qualified to certify the log sheet under OCGA § 24-9-902 (11). Although we could find no Georgia authority addressing the term "other qualified person,"

> [the federal courts] interpret the term "qualified witness" [in the similar federal rule][5] broadly, requiring only someone familiar with the creation

---

[5] The business record exception under the federal rules provides that the hearsay rule does not exclude:

(6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

9

and maintenance of the records. An "otherwise qualified witness" may lay the foundation for records' introduction despite lacking personal knowledge of the preparation of the records, but he or she must be familiar with the creation and record keeping procedures of the organization in order to establish the records' trustworthiness.

*United States v. Bacas*, 662 FSupp2d 481, 486-87 (E.D. Va. 2009). See also *Pender v. Bank of America Corp.*, 2016 U.S. Dist. LEXIS 173636, at *19-20 (II) (a)

---

(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or *another qualified witness*, or by a certification that complies with Rule 902 (11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

(Emphasis supplied.) Fed. R. Evid. 803 (6).

10

(W.D.N.C. 2016) ("[W]hether the declarant is a 'qualified person' is a legal conclusion, not a fact to which the declarant is required to attest.")

The investigator in this case was a former Fayette County Sheriff's deputy who averred that he was familiar with the procedures of the sheriff's office regarding the handling of the intoxilyzer printout cards. He investigated the missing printouts in this case, and after he was unsuccessful in locating them, he asked for the intoxilyzer log sheet and explained the procedure for completing and maintaining the log book at the jail facility in detail. Under these circumstances, we find no abuse of discretion in the trial court's determination that the investigator was a "qualified person" under OCGA § 24-9-902 (11) to properly authenticate the log book entry.

3. Jones further argues that the log sheet should be excluded because the State violated Georgia's discovery requirement set out in OCGA § 17-16-23 by failing to produce the intoxilyzer printout. That statute provides, "In all criminal trials the defendant shall be entitled to have a complete copy of any written scientific reports *in the possession of the prosecution* which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal." (Emphasis supplied.) OCGA § 17-16-23 (b). And this Court has found that "an intoxilyzer printout showing the results of the instrument's analysis of the blood alcohol

11

concentration in a defendant's breath would be subject to discovery under OCGA § 17-6-23." *State v. Tan*, 305 Ga. App. 55, 58 (699 SE2d 74) (2010). See also *Bazemore v. State*, 244 Ga. App. 460, 462 (1) (535 SE2d 830) (2000); OCGA § 17-6-23 (a) ("written scientific reports" includes "blood alcohol test results done by a law enforcement agency"). The failure to furnish such a report to the defendant at least ten days prior to trial "shall result in such report being excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal." OCGA § 17-6-23 (c).

However, as highlighted above, the discovery statute only requires production of any such reports "in the possession of the prosecution," and the undisputed evidence in this case is that the printouts are lost, without any evidence of intentional destruction or bad faith on the part of the State. Compare *Rayburn v. State*, 234 Ga. App. 482, 483 (2) (506 SE2d 876) (1998) (state violated discovery statute by producing only a redacted copy of police officer's report on the horizontal gaze nystagmus test administered to defendant). Accordingly, we find no abuse of discretion in the trial court's finding that the State did not violate its obligations under OCGA § 17-6-23.

4. Jones also asserts that the log sheet should be excluded under the rule of completeness because it only contains portions of what the intoxilyzer printout would

12

have shown and that the missing information hampers his ability to defend against the DUI charges.

Under OCGA § 24-1-106, "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which, in fairness, should be considered contemporaneously with the writing or recorded statement." Moreover, Georgia law provides that "[u]pon the request of the person who shall submit to a chemical test or tests at the request of a law enforcement officer, full information concerning the test or tests shall be made available to him or his attorney." O.C.G.A. § 40-6-392 (a) (4).

But, here, it is undisputed that the State had provided everything it has with regard to the intoxilyzer results and that there is nothing left in the State's possession to complete that evidence. To the extent that the State has failed to provide information in the detail provided on an intoxilyzer printout, we find that such omissions go to the weight and not the admissiblity of the intoxilyzer results. See generally *Karim v. State*, 244 Ga. App. 282, 285 (535 SE2d 296) (2000) (inability of State to exactly recreate the original pictorial lineup goes to the weight and not the admissibility of secondary evidence of that lineup). Cross-examination of the officer

13

who administered the test will allow Jones' counsel the opportunity to test the nature of the State's evidence, and the trial court has indicated that it will revisit the motion in limine should the State not offer the testimony of that officer. Accordingly, we find no grounds for reversal.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*