**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 29, 2022**

# In the Court of Appeals of Georgia

A22A0505. GLASPER v. THE STATE.

HODGES, Judge.

In this appeal from a probation revocation order, we consider whether a law enforcement officer may testify to the content of a security video recording when there is no showing that the recording is not available and where the video was not entered into evidence. We hold that such testimony violates the best evidence rule, see OCGA § 24-10-1002, and that the Superior Court of Hall County abused its discretion in admitting an officer's testimony during Trooier Glasper's probation revocation hearing. Therefore, we reverse the trial court's order revoking Glasper's probation.

The record indicates that Glasper entered a negotiated plea of guilty to four counts of entering an automobile with intent to commit theft (OCGA § 16-8-18) on

February 17, 2021, for which the trial court sentenced him to a term of 5 years with the first 18 months to be served in confinement. As a general condition of his probation, Glasper was forbidden from violating the criminal laws of any governmental unit.

Approximately three months later, on the afternoon of May 24, 2021, a City of Braselton police officer visited a Hall County Kroger store to investigate a report of a runaway juvenile. During the officer's visit, Glasper, who was wearing a dirty white shirt and dark pants, approached the officer and asked him for assistance with a disabled vehicle. The officer instructed Glasper to contact Hall County authorities for assistance, completed his work on the runaway juvenile case, and left the store.

Later that afternoon, the victim visited the Kroger store. Upon arriving, he parked his truck in the front of the store's parking lot. However, when the victim returned to the parking lot approximately 10 minutes later, he discovered that his truck was missing and telephoned 911. While the victim was making the report, Hall County Sheriff's Office deputies found the stolen truck, which had crashed and had been left abandoned in a ditch.

The Braselton officer returned to the Kroger store to investigate the theft of the victim's truck. After making contact with the victim, the officer went inside to review

security video recordings. The officer testified that he was given access to view the store's video of the parking lot and that the video footage showed Glasper approaching the victim's truck, walking around it, entering the driver's door, and driving away from the scene. The officer further stated that he recognized Glasper in the video based upon their prior encounter at the store, and that Glasper was wearing the same clothing.

Glasper was found walking near the crash location. Officers arrested him and charged him with felony theft by taking and misdemeanor hit and run. As a result, the State filed a petition to revoke his probation, alleging that his theft of the victim's truck violated the conditions of his probation. Following an evidentiary hearing, the trial court granted the State's petition and revoked 3 years of Glasper's probation.

Glasper then filed an application for discretionary appeal, arguing that the officer's testimony describing the contents of the surveillance video was inadmissible under the best evidence rule. We granted Glasper's application, and this appeal follows.

In two related enumerations of error, Glasper contends that the trial court erred in overruling his best evidence objection to the officer's testimony and, consequently, in revoking his probation. We agree.

3

Georgia's best evidence rule provides that, "[t]o prove the contents of a writing, *recording*, or photograph, the original writing, recording, or photograph shall be required." (Emphasis supplied.) OCGA § 24-10-1002. However,

> [t]he original shall not be required and other evidence of the contents of a writing, recording, or photograph shall be admissible if:
>
> (1) All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith;
>
> (2) No original can be obtained by any available judicial process or procedure;
>
> (3) At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or
>
> (4) The writing, recording, or photograph is not closely related to a controlling issue.

OCGA § 24-10-1004. "We review the trial court's ruling on the admission of evidence for an abuse of discretion." *Garner v. State*, 342 Ga. App. 824, 828 (3) (805 SE2d 464) (2017). "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law."

4

(Citation and punctuation omitted.) *Owensby v. Williams*, 355 Ga. App. 695, 696 (843 SE2d 899) (2020).

During Glasper's probation revocation hearing, the Braselton officer testified that, when he arrived at the Kroger store in response to the victim's report of a stolen vehicle, he met with a manager and reviewed security video. Glasper objected to the officer's testimony based upon the best evidence rule, and the trial court asked for a response from the State. The officer stated that he viewed the security video at the store and obtained a copy of the video on a disk, which he delivered to the police department as evidence. However, the officer acknowledged that he did not bring the disk to court and that he had not reviewed it since the recording had been made. Glasper renewed his objection based upon the best evidence rule, but the trial court overruled his objection.

As a general matter, we have already noted that "[t]o prove the contents of a . . . recording, . . . the original . . . recording . . . shall be required." OCGA § 24-10-1002. Here, that did not occur. The Braselton officer testified that he obtained a copy of the security video recording and entered it into evidence, but neither he nor the State brought the recording to the probation revocation hearing. In addition, neither offered an excuse for failing to do so. There was no indication that the video was lost,

5

destroyed, or otherwise unavailable or inaccessible, and the State does not claim that any of the exceptions in OCGA § 24-10-1004 applied. Certainly, the video was closely related to the issue of Glasper's probation revocation, as it formed the primary evidence used against him during the revocation hearing.[1] Nevertheless, over Glasper's objection, the trial court allowed the State to present the officer's testimony as to the contents of the security video without introducing the video itself into evidence.

Under these circumstances, we conclude that the trial court abused its discretion in admitting the officer's testimony describing the video's contents. See *Lumley v. State*, 280 Ga. App. 82, 82-83 (633 SE2d 413) (2006). In a case decided under former OCGA § 24-5-4, a trial court overruled a defendant's best evidence objection to the State's attempt to introduce a copy of intoxilyzer test results. Id. at 82. This Court reversed, finding that "the State provided no evidence to explain the absence of the original intoxilyzer printout." Id. at 83. Moreover, we noted that "the

---

[1] Without the evidence of the security video recording, the only evidence presented by the State was that the Braselton officer saw Glasper at Kroger earlier in the day and that Glasper was found walking near the crash site wearing the same clothes he had been wearing earlier.

6

prosecutor apparently made no effort — much less a diligent one — to ascertain the original's whereabouts." Id.[2]

Likewise, the record in this case shows that neither the officer nor the State's representatives undertook any effort whatsoever to retrieve the video recording, which the officer testified had been taken into evidence, or to account for its absence. It necessarily follows that the officer's testimony concerning the content of the security video violated the best evidence rule and that the trial court abused its discretion in admitting the testimony.[3] See OCGA § 24-10-1002; *Lumley*, 280 Ga. App. at 82-83; compare *Jones v. State*, 345 Ga. App. 14, 15-16 (1) (812 SE]2d 337) (2018) (finding that trial court did not abuse its discretion by admitting handwritten log notes where evidence revealed that, after extensive search, actual test results had

---

[2] Although decided under former OCGA § 24-5-4, these principles from *Lumley* remain relevant. See generally OCGA § 24-4-1004; *Patch v. State*, 337 Ga. App. 233, 240 (2), n. 18 (786 SE2d 882) (2016) ("Georgia's prior best evidence rule . . . applied only to writings and would have been inapplicable to the . . . video recordings at issue here.").

[3] The cases on which the State relies are inapposite. Unlike this case, video recordings were admitted into evidence in *Gilmore v. State*, 312 Ga. 289 (862 SE2d 499) (2021), *Allen v. State*, 310 Ga. 411 (851 SE2d 541) (2020), and *Goforth v. State*, 360 Ga. App. 832, 837 (2) (861 SE2d 800) (2021), while in *Glenn v. State*, 302 Ga. 276 (806 SE2d 564) (2017), there is extensive discussion of a video and no indication that it was not admitted into evidence. More importantly, none of these cases considered best evidence objections.

been lost); *Hafeez v. State*, 339 Ga. App. 467, 469 (2) (793 SE2d 632) (2016) (finding that because surveillance video of the crime was admitted into evidence, still photographs extracted from video did not violate best evidence rule); *Patch v. State*, 337 Ga. App. 233, 242-243 (2) (786 SE2d 882) (2016) (finding investigator's testimony that he recognized defendant from a video recording was admissible because evidence demonstrated that the recording had been destroyed).

As a result, we further conclude that the trial court erred in revoking Glasper's probation.

> A court may revoke probation based on new violations if the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. And this Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court. Accordingly, if *admissible evidence* is presented in support of the allegations regarding revocation of probation, this Court will affirm.

(Citations and punctuation omitted; emphasis supplied). *Brown v. State*, 294 Ga. App. 1, 3 (2) (668 SE2d 490) (2008). Here, absent the officer's testimony concerning his review of the security video recording, the only evidence admitted against Glasper was that the Braselton officer saw Glasper at Kroger earlier in the day and that he was found walking in the vicinity of the crash site wearing the same clothes he had been

8

wearing earlier. This falls well short of even the State's lessened burden of proof in a probation revocation. See id.; cf. *Wright v. State*, 355 Ga. App. 417, 419 (1) (844 SE2d 279) (2020) ("[W]hile the State's burden of proof is lower in a probation revocation case, a probationer's mere presence in the area where contraband is found will not justify a revocation based on possession of contraband, even under the more relaxed preponderance of the evidence standard.") (citation and punctuation omitted). Accordingly, we reverse the trial court's order revoking Glasper's probation.

*Judgment reversed. Barnes, P. J., and Brown, J., concur*.